IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANGEL L. CRUZ,

    Plaintiff,

vs.

AAMCO OF WEST PALM BEACH, INC.,
a Florida Corporation, and
JAMES BOATWRIGHT, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, ANGEL L. CRUZ, by and through his undersigned attorney, hereby sues Defendants, AAMCO OF WEST PALM BEACH, INC., a Florida Corporation, and JAMES BOATWRIGHT, an individual, and alleges:

## INTRODUCTION

1. This is an action by ANGEL L. CRUZ against his former employers for unpaid overtime, minimum wages, and other unpaid wages under the laws of the United States, and the State of Florida. Plaintiff seeks damages and a reasonable attorney's fee.

## JURISDICTION

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Florida Constitution Article X, and Florida common law. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. Plaintiff is a resident of Palm Beach County, Florida, within the jurisdiction of this Honorable Court and Plaintiff's claim arose within the Southern District of Florida, which is where venue is proper.

**PARTIES AND GENERAL ALLEGATIONS**

4. Plaintiff, ANGEL L. CRUZ, (hereinafter "CRUZ") a resident of Palm Beach County, Florida, was at all times material, employed by AAMCO OF WEST PALM BEACH, INC., as an automotive technician, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with AAMCO OF WEST PALM BEACH, INC., was engaged in commerce or in the production of goods for commerce. To wit: CRUZ, while employed with Defendant, regularly and recurrently serviced automobiles that traveled in interstate commerce and proceeded to travel in interstate commerce. In addition, CRUZ regularly handled automobile parts that were manufactured outside of the State of Florida and that have subsequently travelled in interstate commerce.

5. Defendant, AAMCO OF WEST PALM BEACH, INC., (hereinafter, "AAMCO"), is a Florida Corporation doing business in Palm Beach County, Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. §§ 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, the Florida Constitution, Article X, Section 24, and Florida common law, at the location where CRUZ was employed.

6. Defendant, JAMES BOATWRIGHT (hereinafter "BOATWRIGHT"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant AAMCO.

7. Defendant BOATWRIGHT acted and acts directly in the interests of Defendant AAMCO, in relation to its employees. Thus BOATWRIGHT was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

## Count I – Violation of FLSA by Defendant AAMCO – Overtime

8. Plaintiff, ANGEL L. CRUZ, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

9. Since on or about February 19, 2011, up to and including April 17, 2011, and since on or about March 9, 2012, up to and including May 17, 2012, Defendant AAMCO has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically, CRUZ, since February 19, 2011, up to and including April 17, 2011, and since on or about March 9, 2012, up to and including May 17, 2012, worked in excess of 40 hours a week nearly every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

10. The failure to pay overtime compensation to CRUZ is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if CRUZ was exempt, Defendant's actions and/or conduct have effectively removed any exemption that may have applied to CRUZ.

11. AAMCO's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and CRUZ's status as non-exempt, but chose not to pay him in accordance with the Act.

12. CRUZ is entitled pursuant to 29 U.S.C. § 216(b), to recover from AAMCO:

   a. All unpaid overtime that is due;

   b. As liquidated damages, an amount equal to the unpaid overtime owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, ANGEL L. CRUZ, prays that this court will grant judgment against Defendant AAMCO OF WEST PALM BEACH INC.:

   a. awarding CRUZ payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

   b. awarding CRUZ an additional equal amount as liquidated damages;

   c. awarding CRUZ his costs, including a reasonable attorney's fee; and

   d. granting such other and further relief as is just.

### Count II – Violation of FLSA by Defendant BOATWRIGHT – Overtime

13. Plaintiff, CRUZ, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 4, 6 and 7 above.

14. Since on or about February 19, 2011, up to and including April 17, 2011, and since on or about March 9, 2012, up to and including May 17, 2012, Defendant BOATWRIGHT has willfully violated the provisions of § 7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically, CRUZ, Since on or about February 19, 2011, up to and including April 17, 2011, and since on or about March 9, 2012, up to and including May 17, 2012, has worked in excess of 40 hours a week nearly every week of his employment, and was not

compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

15. The failure to pay overtime compensation to CRUZ is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if CRUZ was exempt, BOATWRIGHT's actions and/or conduct have effectively removed any exemption that may have applied to CRUZ.

16. BOATWRIGHT's actions were willful and purposeful as he was well aware of the Fair Labor Standards Act and CRUZ's status as non-exempt, but chose not to pay him in accordance with the Act.

17. CRUZ is entitled pursuant to 29 U.S.C. § 216(b), to recover from BOATWRIGHT:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, ANGEL L. CRUZ, prays that this court will grant judgment against Defendant JAMES BOATWRIGHT:

    a. awarding CRUZ payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

    b. awarding CRUZ an additional equal amount as liquidated damages;

    c. awarding CRUZ his costs, including a reasonable attorney's fee; and

    d. granting such other and further relief as is just.

**Count III-Violation of the FLSA by Defendant AAMCO - Minimum Wage**

18.     Plaintiff, CRUZ, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 5 above.

19.     CRUZ worked for AAMCO for for several hours during his last week of employment, but received less than the applicable minimum wage due to unlawful deductions from CRUZ's pay.

20.     AAMCO's unlawful deductions to CRUZ's pay violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage for all hours worked.

21.     CRUZ is entitled pursuant to the FLSA and the Florida Constitution, Article X, Section 24(c); and Section 18(a) of the Act, to recover from Defendant AAMCO:

    a.     The applicable minimum wage in effect at the times he worked without receiving compensation;

    b.     As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

    c.     The costs of this action, and;

    d.     A reasonable attorney's fee.

WHEREFORE, Plaintiff, ANGEL L. CRUZ prays that this Honorable Court:

    a.     Enter judgment for CRUZ and against AAMCO on the basis of its willful violations of the Florida Constitution, Article X, Section 24, and the FLSA;

    b.     Award CRUZ actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

    c.     Award CRUZ an equal amount in liquidated damages;

    d.     Award CRUZ reasonable attorneys' fees and costs of suit; and

   e. Other such relief as this Court deems just.

## Count IV-Violation of the FLSA Defendant BOATWRIGHT - Minimum Wage

 22. Plaintiff, CRUZ, realleges, as if fully set forth in Count IV, the allegations of Paragraphs 1 through 4, and 6 through 7 above.

 23. CRUZ worked for BOATWRIGHT for several hours during his last week of employment, but received less than the applicable minimum wage due to unlawful deductions from CRUZ's pay.

 24. BOATWRIGHT's unlawful deductions to CRUZ's pay violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage for all hours worked.

 25. CRUZ is entitled pursuant to the FLSA and the Florida Constitution, Article X, Section 24(c); and Section 18(a) of the Act, to recover from Defendant BOATWRIGHT:

   a. The applicable minimum wage in effect at the times he worked without receiving compensation;

   b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

 WHEREFORE, Plaintiff, ANGEL L. CRUZ prays that this Honorable Court:

   a. Enter judgment for CRUZ and against BOATWRIGHT on the basis of his willful violations of the Florida Constitution, Article X, Section 24, and the FLSA;

   b. Award CRUZ actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

   c. Award CRUZ an equal amount in liquidated damages;

      d.      Award CRUZ reasonable attorneys' fees and costs of suit; and

      e.      Other such relief as this Court deems just.

### Jury Demand

Plaintiff demands jury by trial on all issues so triable.

Dated: August 24, 2012
Plantation, Florida

Respectfully submitted,

*s/Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
7350 NW 5th Street
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for Plaintiff